UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILLIP JONES, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>FANATICS, INC.; FANATICS, LLC; FANATICS COLLECTIBLES INTERMEDIATE HOLDCO, INC.; FANATICS SPV, LLC; FANATICS HOLDINGS, INC.; MAJOR LEAGUE BASEBALL; MAJOR LEAGUE BASEBALL PROPERTIES, INC.; MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION; MLB PLAYERS, INC.; NATIONAL FOOTBALL LEAGUE; NFL PROPERTIES LLC; NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION; NFL PLAYERS, INC.; NATIONAL BASKETBALL ASSOCIATION; NBA PROPERTIES, INC.; NATIONAL BASKETBALL PLAYERS ASSOCIATION; and ONETEAM PARTNERS, LLC,<br><br>*Defendants.* | Consolidated Case No. 1:25-cv-05776-LTS-VF<br><br>*This Document Relates to All Indirect Purchaser Actions* |

## [PROPOSED] ORDER APPOINTING INTERIM CO-LEAD COUNSEL

**WHEREAS**, the Joint Stipulation and Order Regarding Consolidation of Indirect Purchaser Cases and Initial Case Schedule (Dkt. 110) ("Consolidation Order") consolidated the related indirect purchaser class actions *Jones v. Fanatics, Inc.*, 1:25-cv-05776, *Nachman v. Fanatics, Inc.*, No. 1:25-cv-06097, and *Goldberger v. Fanatics, Inc.*, No. 1:25-cv-06369, to Consolidated Case No. 1:25-cv-05776 (collectively, the "Indirect Purchaser Actions"), and "any additional indirect purchaser class complaints brought on behalf of sports trading card purchasers filed in or transferred to this District" that contain "substantially similar allegations as those in the

Indirect Purchaser Actions";

**WHEREAS**, on August 18, 2025, Plaintiffs Sean Auld, Daniel Enriquez, Ryan Meuse, and Edgar Nava filed a class complaint in this District on behalf of sports trading card purchasers alleging claims on behalf of indirect purchaser plaintiffs, which are "substantially similar" to those in the Indirect Purchaser Actions (Case No. 1:25-cv-06825);

**WHEREAS**, Indirect Purchaser Plaintiffs Phillip Jones, Mitchell Goldberger, and Bruce Honnold now move unopposed for appointment of Gregory Asciolla and DiCello Levitt LLP, William Reiss and Robins Kaplan LLP, and Christopher Micheletti and Zelle LLP as Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs and the proposed classes pursuant to Federal Rule of Civil Procedure 23(g) (the "Motion"); and

**WHEREAS,** Indirect Purchaser Plaintiffs Sean Auld, Daniel Enriquez, Ryan Meuse, and Edgar Nava in Case No. 1:25-cv-06825 separately join in and support the Motion, as their case has not yet been consolidated with the Indirect Purchaser Actions.

Based upon all the files, records, and proceedings herein, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED THAT:**

Pursuant to Fed. R. Civ. P. 23(g), the Court appoints Gregory Asciolla and DiCello Levitt LLP, William Reiss and Robins Kaplan LLP, and Christopher Micheletti and Zelle LLP as Interim Co-Lead Counsel for the Indirect Purchaser Plaintiffs and the proposed classes.

Interim Co-Lead Counsel shall have sole authority over the following matters on behalf of Indirect Purchaser Plaintiffs and the proposed classes:

1. Convening meetings of counsel;
2. Initiation, response, scheduling, briefing and argument of all motions;
3. Scope, order and conduct of all discovery proceedings;
4. Work assignments among themselves and to other counsel as Interim Co-Lead counsel

      may deem appropriate;

5. Retention of experts;

6. Designation of which attorneys may appear at hearings and conferences with the Court;

7. Communications with counsel in any related actions and with counsel for the Defendants;

8. Timing and substance of any settlement negotiations with the Defendants, and decisions regarding acceptance of settlement proposals;

9. All financial expenditures;

10. Allocation of any Court-awarded fees and costs among counsel in the Indirect Purchaser Plaintiffs class actions; and

11. Any and all other matters concerning the prosecution or resolution of the Indirect Purchaser Plaintiffs class actions.

Only Interim Co-Lead Counsel may initiate or authorize the filing of any motions on behalf of Indirect Purchaser Plaintiffs and the proposed classes.

On a regular basis, Interim Co-Lead Counsel will collect reports of contemporaneously prepared attorney and paralegal time and expense records from each firm working on behalf of the Indirect Purchaser Plaintiffs. Each Indirect Purchaser Plaintiff's firm that, at Interim Co-Lead Counsel's discretion, may receive a portion of the fee awarded by the Court will transmit to Interim Co-Lead Counsel a report summarizing, according to each separate activity:

1. The time and expense spent by its members, associates, or staff during the preceding month,

2. The ordinary billing rates of such attorneys in effect during that time, and

3. The accumulated total of the firm's time, hourly rates, and expenses to date in a format to be established by Interim Co- Lead Counsel.

IT IS SO ORDERED.

Dated: September 5, 2025

_____
The Honorable Valerie Figueredo
United States Magistrate Judge